UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NANCY HAMMOND,

               Plaintiff,

v.                                                                    1:24-CV-0201
                                                                       (GTS/PJE)
STATE OF NEW YORK; NEW YORK STATE
POLICE; NEW YORK STATE TROOPER SALAWAY
in her professional and individual capacities; and
JOHN DOES #1-5 in their official and individual
capacities,

               Defendants.

_____

APPEARANCES:                                      OF COUNSEL:

MILLS LAW GROUP PLLC                              JASPER LEE MILLS, III, ESQ.
  Counsel for Plaintiff
99 Pine Street, Suite 204
Albany, NY 12207

HON. LETITIA A. JAMES                             AIMEE COWAN, ESQ.
NEW YORK STATE ATTORNEY GENERAL                   Assistant Attorney General
  Counsel for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action filed by Nancy Hammond

("Plaintiff") against the State of New York, the New York State Police, New York State Trooper

Salaway, and John Does #1-5, is the motion of Defendants State of New York, New York State

Police, and New York State Trooper Salaway ("the identified Defendants" or "Defendants") for

partial dismissal of Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to

state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 16.)  For the reasons set forth below, Defendants' motion is granted.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Generally, in her Complaint, Plaintiff asserts eight claims: (1) Defendant Salaway subjected Plaintiff to unwarranted physical abuse that violated her constitutional rights pursuant to 42 U.S.C. § 1983; (2) Defendant Salaway's act of slamming her into a concrete wall and breaking her ribs constitutes cruel and usual punishment in violation of the Eight Amendment; (3) Defendant Salaway's physical abuse constitutes assault under New York law; (4) Defendant Salaway's physical abuse constitutes battery under New York law; (5) Defendant Salaway's unwarranted actions constitute an intentional infliction of emotional distress ("IIED"); (6) Defendants' unwarranted actions constitute a negligent infliction of distress ("NIED"); (7) Defendant Salaway's physical abuse constitutes excessive force under New York law; and (8) Defendants New York and New York State Police failed to train, supervise, instruct, and/or monitor Defendant Salaway and the John Doe Defendants under New York law.[1]

### B.     Parties' Briefing on Defendants' Motion to Dismiss

#### 1.     Defendants' Memorandum of Law

Generally, in their motion to dismiss, Defendants make six arguments.  (Dkt. No. 16, Attach. 2.)  First, Defendants argue that Plaintiff's first cause of action for excessive force pursuant to Section 1983 should be dismissed against Defendants New York and New York State

---

[1]     Plaintiff's Third through Eighth claims are construed as arising under New York law based on a header stating "Pendent Jurisdiction" that precedes the assertion of those claims in the Complaint.  (Dkt. No. 1, at 6.)

Police because they are shielded by sovereign immunity pursuant to the Eleventh Amendment given that the State has not waived that immunity, Congress has not abrogated it, and Plaintiff is seeking monetary damages, not injunctive or declaratory relief. (*Id.* at 8-10.)

Second, Defendants argue that Plaintiff's second cause of action for cruel and unusual punishment under the Eighth Amendment should be dismissed in its entirety because (a) to the extent that claim is brought pursuant to Section 1983, sovereign immunity applies to Defendants New York and New York State Police, and (b) the Eighth Amendment, under which Plaintiff explicitly asserts this claim, does not apply to force used during the course of an arrest as is alleged here. (*Id.* at 10-11.)

Third, Defendants argue that Plaintiff's third, fourth, and fifth causes of action (for assault, battery, and IIED) should be dismissed in their entirety because (a) as to Defendants New York and New York State Police, sovereign immunity bars those claims in federal court, and (b) Plaintiff did not file the Complaint within the one-year statute of limitations applicable to all those claims. (*Id.* at 11-12.)

Fourth, Defendants argue that Plaintiff's sixth cause of action for NIED should be dismissed in its entirety because she cannot assert a negligence claim arising from conduct that she alleges was intentional, and such conduct is duplicative of her excessive force claim given that it involves the same conduct. (*Id.* at 12-13.)

Fifth, Defendants argue that Plaintiff's seventh cause of action for excessive force should be dismissed in its entirety because (a) it is duplicative of her Section 1983 claim and various state law claims for assault and battery, and (b) Plaintiff cannot assert a respondeat superior claim under Section 1983 to the extent she is intending to do so with this claim. (*Id.* at 13-14.)

3

Sixth, Defendants argue that Plaintiff's eight cause of action for failure to supervise and train should be dismissed because Defendants New York and New York State Police are, again, shielded by sovereign immunity as to such claim. (*Id.* at 14-15.)

### 2.    Plaintiff's Opposition Memorandum of Law

Generally, in her opposition memorandum of law, Plaintiff makes four arguments. (Dkt. No. 18.) First, Plaintiff indicates that she consents to the dismissal of Defendants New York and New York State Police from this action. (*Id.* at 1-2.)

Second, Plaintiff argues that the remaining Defendants (particularly Defendant Salaway, who she alleges used physical force against her) violated the Fourth Amendment and effectuated a seizure of her person through that use of force. (*Id.* at 11-13.)

Third, Plaintiff argues that the remaining Defendants (again, particularly Defendant Salaway, but also now the John Doe Defendants) violated the Eighth Amendment by inflicting unnecessary and wanton pain on her. (*Id.* at 14-16.)

Fourth, Plaintiff argues that she should be permitted to amend the complaint to allege certain facts but does not specify with any clarity what facts she seeks to add. (*Id.* at 16.)

### 3.    Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, Defendants make three arguments. (Dkt. No. 19.) First, Defendants argue that Plaintiff's Eighth Amendment claim should be dismissed because, again, no such claim applies to an arrestee or pre-trial detainee, and Plaintiff has not provided any argument to suggest that she can assert such a claim here or to oppose Defendants' legal arguments on this claim. (*Id.* at 4-5.)

4

Second, Defendants argue that Plaintiff's third, fourth, fifth, sixth, and seventh causes of action should be dismissed because Plaintiff has not opposed Defendants' arguments related to these claims. (*Id.* at 5.)

Third, Defendants argue that Plaintiff's request to amend the Complaint should be denied because (a) the deadline to amend her Complaint as a matter of course has already passed, and (b) her request here does not comply with the requirements of this Court's Local Rules governing motions to amend a pleading. (*Id.* at 6.)

## II.     GOVERNING LEGAL STANDARDS

### A.     Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

It is a fundamental precept that federal courts are courts of limited jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova,* 201 F.3d at 113).

The Supreme Court has indicated that "[s]overeign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As a result, any dismissal on the basis of sovereign

5

immunity should generally be without prejudice. *See Dingle v. U.S. Dep't of Edu.*, 23-1003-cv, 2025 WL 783732, at \*1 (2d Cir. Mar. 12, 2025) (summary order) (affirming district court's dismissal without prejudice due to the defendant's entitlement to sovereign immunity); *Tromblee v. New York*, 19-CV-0638, 2021 WL 981847, at \*19 n.15 (N.D.N.Y. Mar. 16, 2021) (Kahn, J.) ("Because Plaintiff's § 1983 claims against the State Defendants and her state law clams against all defendants are dismissed by consent on sovereign immunity grounds, dismissal must be without prejudice.").

### B.    Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice of* what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

7

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted).  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

8

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

(citations omitted).

## III.    ANALYSIS

### A.    Whether Plaintiff's Claims Against Defendants New York and New York Police Department Must Be Dismissed

After careful consideration, the Court answers this question in the affirmative for the

reasons stated in Defendants' memoranda of law. *See, supra,* Parts I.B.1 and I.B.3 of this

Decision and Order. To those reasons, the Court adds the following analysis.

As discussed above, Defendants argue that Plaintiff's claims must be dismissed against

Defendants New York and New York State Police because, among other reasons, those claims

are barred by the doctrine of sovereign immunity. Plaintiff, in response to Defendants' motion,

indicated that she "consents to an Order dismissing the claims against the 'STATE' defendants

pursuant to F.R.C.P. § 12(b)(1) and 12(b)(6) 'in its entirety, with prejudice.'" (Dkt. No. 18, at 2,

6.) Because Plaintiff has consented to dismissal of all claims against Defendants New York and

New York State Police, the Court grants the motion to dismiss as to those Defendants.

### B.    Whether Plaintiff's Eighth Amendment Claim Must Be Dismissed

After careful consideration, the Court answers this question in the affirmative for the

reasons stated in Defendants' memoranda of law. *See, supra,* Parts I.B.1 and I.B.3. of this

Decision and Order. To those reasons, the Court adds the following analysis.

The Eighth Amendment's prohibition on the imposition of cruel and unusual punishments applies only to persons who are convicted prisoners; "[t]he rights of one who has not been convicted are protected by the Due Process Clause." *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 [1994]; *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 [1983]); *see Muhammad v. Seiden*, 24-CV-0035, 2024 WL 2958723, at *8 (N.D.N.Y. June 11, 2024) (Lovric, M.J.), report-recommendation adopted by 2024 WL 3857479 (N.D.N.Y. Aug. 19, 2024) (Kahn, J.) ("[The] protections of the Eighth Amendment only apply to a person who has been criminally convicted and sentenced; they do not apply to the conduct of police officers in connection with the investigation and arrest of suspects prior to conviction and sentencing."); *Smith v. Brown*, 296 F. Supp. 3d 648, 661 (S.D.N.Y. 2017) ("[T]here is no viable claim under the Eighth Amendment's prohibition of cruel and unusual punishment because 'the Eighth Amendment applies only to convicted prisoners.'").

Here, Plaintiff alleges that Defendant Salaway placed her in handcuffs, put her in a police car, and took her to the station, after which she was "brought in front of a judge who immediately adjourned the matter in contemplation of dismissal." (Dkt. No. 1, at ¶¶ 14-17.) Plaintiff does not allege that she was convicted of any crime related to the underlying incident. Indeed, the alleged cruel and unusual punishment occurred prior to when she was handcuffed, while in the police car, and while being held at the police station. As a result, Plaintiff's claim pursuant to the Eighth Amendment must be dismissed as a matter of law. To the extent she might be able to assert a claim under the Due Process Clause of the Fourteenth Amendment related to any alleged excessive force constituting punishment, Plaintiff would need to amend the

Complaint to do so, because both the Complaint and her response memoranda make clear that she has specifically asserted the relevant claim only pursuant to the Eighth Amendment.

Further, to the extent that Plaintiff appears to be attempting to argue in her response memorandum of law that she has asserted a claim pursuant to the Fourth Amendment related to an unconstitutional seizure (such as a false arrest) apart from a claim for use of excessive force, no such claim is found within the Complaint, and Plaintiff (who has been represented by counsel since the filing of the Complaint) cannot amend the Complaint by asserting a new claim in a responsive pleading.  *See Community Bank, N.A. v. JPMorgan Chase & Co.*, – F.Supp.3d –, 24-CV-0363, 2024 WL 5212818, at *5 (N.D.N.Y. Dec. 23, 2024) (Sannes, C.J.) (noting that, generally, "a plaintiff may not amend the complaint via a memorandum of law"); *Doe v. Ithaca Coll.*, 23-CV-1600, 2024 WL 4135714, at *9 n.6 (N.D.N.Y. Sept. 10, 2024) (Suddaby, J.) ("As an initial matter, Plaintiff did not include this allegation in his Complaint, and cannot now informally amend his complaint through asserting new allegations in his opposition memorandum of law.") (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 [2d Cir. 1998]).

For the above reasons, Plaintiff's Eighth Amendment claim must be dismissed.

C.    **Whether Plaintiff's State Law Claims for Assault, Battery, IIED, and NIED Must Be Dismissed**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendants' memoranda of law.  *See, supra,* Parts I.B.1 and I.B.3. of this Decision and Order.  To those reasons, the Court adds the following analysis.

As an initial matter, the Court notes that, as Defendants have highlighted in their reply memorandum, Plaintiff has not made any arguments in opposition to Defendants' assertions that the state law claims should be dismissed.  As a result of that failure to oppose those arguments,

11

Defendants' burden is lightened as to these claims such that Defendants' arguments in favor of dismissal should be accepted so long as they possess facial merit.  *See Regels v. Giardono*, 113 F. Supp. 3d 574, 600 (N.D.N.Y. 2015) (Suddaby, J.) ("[B]ecause Plaintiff never opposed this argument, Defendants' burden with regard to it was lightened to one of facial merit."); *accord Raymond v. Mitchell*, 18-CV-1467, 2024 WL 2941847, at *17 (N.D.N.Y. June 11, 2024) (Suddaby, J.).

Defendants argue that Plaintiff's claims for assault, battery, and IIED must be dismissed because such torts are subject to a one-year statute of limitations under New York law. Defendants are correct that actions to recover damages for intentional torts such as assault and battery must be commenced within one year.  N.Y. C.P.L.R. § 215(3).  This same provision extends to IIED claims.  *See Impellizzeri v. New York*, 17-CV-0230, 2021 WL 4844275, at *8 (N.D.N.Y. Oct. 18, 2021) (Scullin, J.), *aff'd* 21-2828-cv, 2023 WL 2171018 (2d Cir. Feb. 23, 2023) (noting that "'in New York, a cause of action for intentional infliction of emotional distress accrues on the date of injury and carries a one-year statute of limitations.'") (quoting *Quinn v. United States*, 946 F. Supp. 2d 267, 278 [N.D.N.Y. 2013]); *Mariani v. Consol. Edison Co.*, 172 F.3d 38 (2d Cir. 1998) (applying N.Y. C.P.L.R. § 215[3] to an IIED claim).  The events that Plaintiff alleges as the basis for her assault, battery, and IIED claims all occurred on July 31, 2022.  (Dkt. No. 1, at ¶ 8.)  Plaintiff did not file this action until February 9, 2024.  Moreover, Plaintiff does not allege facts plausibly suggesting the availability of any doctrine tolling the applicable limitations period.  Plaintiff's intentional tort claims are therefore untimely and must be dismissed.

As to her NIED claim, although that claim appears to have been timely filed, it

nevertheless must be dismissed because it is based on the same conduct that underlies her

excessive force claim.  *See Dollard v. City of New York*, 408 F. Supp. 3d 231, 239 (E.D.N.Y.

2019) (finding that any emotional damages suffered as a result of the same conduct that was the

basis for claims of false arrest, malicious prosecution, excessive force, assault, and battery were

subsumed by those intentional action claims); *Caravalho v. City of New York*, 13-CV-4174, 2016

WL 1274575, at *23 (S.D.N.Y. Mar. 31, 2016) (finding NIED claim to be subsumed by assault,

battery, and excessive force claims where the plaintiff did not allege any additional conduct that

was not already implicated by those claims); *see also Powell v. City of Jamestown*, 21-CV-0721,

2022 WL 1913581, at *21 (W.D.N.Y. June 3, 2022) (dismissing NIED claims where plaintiff

had asserted claims under other tort theories based on the same conduct).

Notably, although Plaintiff vaguely alleges that Defendant Salaway "insulted" and

"threatened" her related to her NIED apart from the physical assault (which would not be

encompassed by the assault, battery, or excessive force claims), her factual allegations do not

substantiate any insults or threats.  (Dkt. No. 1, at ¶¶ 8-18, 45.)  The only conduct alleged by

Defendant Salaway other than the physical force are (a) she stated on more than one occasion

that she did not care when Plaintiff told her that she had hurt Plaintiff's ribs, (b) she coughed in

the direction of Plaintiff and refused to either wear a mask or provide Plaintiff a mask when

Plaintiff asked, and (c) when Plaintiff asked why Defendant Salaway was treating her like she

was and explained she had never been in trouble before, Defendant Salaway responded, "just

because you have a perfect record does not mean that you are not a criminal, it just means that

you have not been caught."  (*Id.* at ¶¶ 14-16.)  Even construing these allegations in the light most

favorable to Plaintiff, none of these actions or statements can be classified as insults or threats.

Nor does Plaintiff allege how any of these instances of conduct, apart from the effect of the

physical assault, contributed to the injuries she alleges. Because Plaintiff's Complaint does not

plausibly suggest that she was threatened or insulted, and she has failed to allege how certain

statements by Defendant Salaway and the act of coughing in Plaintiff's direction caused

Plaintiff's alleged emotional distress, the Court finds that Plaintiff has not alleged that her NIED

claim is based on any relevant conduct that is not already the basis for her excessive force claim

in particular. Accordingly, her NIED claim must also be dismissed as duplicative of that claim.

 For the above reasons, the Court finds that Plaintiff's state-law claims must be dismissed.

**D.      Whether the John Doe Defendants Should Be *Sua Sponte* Dismissed**

 After careful consideration, the Court answers the above question in the negative.

 The only claim that Plaintiff appears to assert against the John Doe Defendants is her

Eighth Claim for failure to train, supervise, instruct, or monitor. Yet, despite stating that this

claim is asserted against those Defendants, Plaintiff's allegations related to that claim reveal that

she is actually asserting that Defendants State of New York and New York Police Department

failed to take those actions in the supervising, training, instructing, or monitoring Defendant

Salaway and the John Doe Defendants. (Dkt. No. 1 at ¶¶ 51-56.) The Eight Claim therefore

does not appear to assert a claim against the John Doe Defendants.

 Notably, Plaintiff has not included any allegations regarding what actions any of the John

Doe Defendants took or their involvement in the actions allegedly taken by Defendant Salaway.

The only times they are mentioned in the Complaint is to state that they are New York State

Troopers employed by Defendant New York Police Department, and that Defendants New York

and New York Police Department failed to adequately supervise or train them. There is no allegation that they were present at the time of the physical assault at the Walmart or at the station where Plaintiff was brought by Defendant Salaway. There is absolutely no indication regarding why these Defendants are involved in this case. Although a plaintiff is not required to immediately provide the identity of John Doe defendants, he or she still must include at least some plausible reason as to why those defendants (identified or not) belong in the case. *See Sheriff v. Rule*, 22-CV-1479, 2023 WL 3173770, at *2 (D. Conn. May 1, 2023) (dismissing claim against Doe officer because the complaint contained no factual allegations describing any conduct by that defendant); *Swanhart v. New York*, 20-CV-6819, 2022 WL 875846, at *6 (S.D.N.Y. Mar. 24, 2022) (dismissing claims against Doe defendants where the plaintiff had not alleged facts sufficient to plausibly suggest personal involvement) (citing *Gray-Davis v. New York*, 14-CV-1490, 2015 WL 2120518, at *8 [N.D.N.Y. May 5, 2015] [Suddaby, J.]); *Donohue v. Manetti*, 15-CV-0636, 2016 WL 740439, at *5 (E.D.N.Y. Feb. 24, 2016) (dismissing claims against Doe defendants where, "the complaint does not contain any facts about what Jane Doe or John Doe did or failed to do" and merely lists them as employees of another defendant). To not provide even the barest of allegations regarding the involvement of the John Doe Defendants here appears to violate the relevant notice pleading standard (particularly given that Plaintiff is represented by counsel).

Having said that, Defendants did not expressly move to dismiss this claim, and the Court is wary of doing so *sua sponte* without first giving Plaintiff notice and an opportunity to be heard. *See Wachtler v. Herkimer Cnty.*, 35 F.3d 77, 82 (2d Cir. 1994) ("The district court has the

power to dismiss a complaint sua sponte for failure to state a claim, . . . so long as the plaintiff is given notice and an opportunity to be heard.") (internal quotation marks and citation omitted).

### E.    Whether Plaintiff's Cross-Motion to Amend Should Be Granted at This Time

After careful consideration, the Court answers the above question in the negative for the reasons stated in Defendants' reply memorandum of law.  *See*, *supra* Part I.B.3 of this Decision and Order.  To those reasons, the Court adds the following analysis.

Plaintiff includes a section in her response memorandum titled "Motion to Amend Complaint Pursuant to F.R.C.P. § 15," in which she states, "[a]t this stage of the proceedings, we have not obtained the names of the [John Doe] defendants.  The plaintiff was assaulted, battered, thrown into a wall, received several broken ribs all under the watchful eye of SALAWAY and her co-defendants.  The complaint should be amended to reflect those facts."  (Dkt. No. 18, at 16.)  Plaintiff's sparse request is denied without prejudice, because it does not comply with the requirements of this Court's Local Rule 15.1, which include, among other things, that the party seeking amendment provide a copy of the proposed amended complaint.  Should Plaintiff wish to seek leave to amend the Complaint to add facts or claims, particularly related to the John Doe Defendants, she may do through a motion that complies with the Local Rules.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 9) is **<u>GRANTED</u>**, such that all of Plaintiff's claims against Defendants New York and New York State Police are **<u>DISMISSED</u> without prejudice** on the basis of sovereign immunity; and it is further

ORDERED that Plaintiff's Second, Third, Fourth, Fifth, and Sixth, and Seventh[2] Claims against Defendant Salaway are **DISMISSED**;[3] and it is further

ORDERED that Plaintiff's cross-motion for leave to file an Amended Complaint is **DENIED without prejudice**.

Dated: May 12, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[2]    The Court notes that the Seventh Claim appears to be redundant, as her First Claim has been construed as an excessive force claim. Notably, to the extent that this might have been an attempt to assert a claim for excessive force under New York common law, New York courts have indicated that "claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness." *Holland v. City of Poughkeepsie*, 90 A.D.3d 841, 844 (N.Y. App. Div. 2d Dept. 2011) (quoting *Ostrander v. State of New York*, 289 A.D. 463, 464 [N.Y. App. Div. 2d Dept. 2001]). Indeed, New York does not appear to recognize a separate "excessive force" claim, but rather that "any force used during the course of an unlawful arrest gives rise to assault and battery claims against the arresting officer." *Goonewardena v. Spinelli*, 15-CV-5239, 2017 WL 4280549, at *11 (E.D.N.Y. Sept. 26, 2017) (citing *Rucks v. City of New York*, 96 F. Supp. 3d 138, 153 [S.D.N.Y. 2015]). Plaintiff has also asserted claims for assault and battery related to the same conduct that underlies the federal excessive force claim. As a result, the Seventh Claim is duplicative of these claims and should be dismissed.

[3]    Defendants did not seek to dismiss Plaintiff's First Claim for excessive force against Defendant Salaway, and thus that claim remains in this action.